UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAJOHN HASINI JARRED SWABY, A201939257,<br><br>Petitioner,<br><br>v.<br><br>MERRICK GARLAND, U. S. Attorney General, et al.,<br><br>Respondent(s). | Case No. 23-cv-03443-SK  (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>(ECF Nos. 2, 4 & 9) |

Petitioner Tajohn Hasini Jarred Swaby has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his prolonged detention by the United States Immigration and Customs Enforcement (ICE) at the Golden State Annex in McFarland, California. He also seeks appointment of counsel and leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

## BACKGROUND

Petitioner is "a native of Jamaica." Pet. (ECF No. 9) at 2. He was "taken into ICE custody on February 19, 2021, and has remained in ICE custody continuously since that date." Id. Petitioner received a "final order [of removal] on March 29, 2021" but has remained in detention for over two years now. Id.

## DISCUSSION

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus on behalf of a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Claims

District courts have jurisdiction under 28 U.S.C. § 2241 to review habeas petitions by non-citizens challenging the lawfulness of their detention. See Zadvydas v. Davis, 533 U.S. 678, 699 (2001). Although 8 U.S.C. § 1231(a)(6) authorizes the government to continue to detain an alien after entry of a final removal order, it does not permit indefinite detention of an alien because his native country will not accept him. See id. at 687-88, 697- 98. Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute. Id. at 699-700.

Petitioner claims that his continued detention is unlawful under 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in Zadvydas. Liberally construed, the petition states an arguably cognizable claim for habeas relief under § 2241 based on petitioner's prolonged detention by ICE. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

Petitioner names five persons as respondents but only one is needed and only one is appropriate. In most instances, there is only one proper respondent for a habeas petition under 28 U.S.C. § 2241, and that is the person "with the ability to produce the prisoner's body before the habeas court." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). The "longstanding practice" in habeas petitions challenging present physical confinement is that the "warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official" is the proper respondent. Id. Here, the respondent listed as "Ms. Wofford, Facilitu Administrator, Golden Gate Annex," is the proper respondent. The other named respondents are dismissed.

C.  Request for Appointment of Counsel

Petitioner's request for appointment of counsel (ECF No. 4) is DENIED without prejudice. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court). Petitioner adequately presented his claim for relief in the petition. Accord Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum). The court will appoint counsel on

its own motion if an evidentiary hearing is later required.  See Knaubert, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed IFP (ECF Nos. 2 & 9) is GRANTED.

2. The clerk shall serve electronically (1) a copy of this order and (2) a notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form (requesting that respondent consent or decline to consent within 28 days of receipt of service) upon the respondent and the respondent's attorney, the United States Attorney for the Northern District of California, at the following email addresses: (1) usacan.ecf@usdoj.gov; (2) michelle.lo@usdoj.gov; and (3) kathy.terry@usdoj.gov. The petition and exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.  The clerk shall serve by mail a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer responding to the allegations in the petition and showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all documents that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner also must keep the court and all parties informed of any change of address.

**IT IS SO ORDERED**.

Dated: August 4, 2023

_____
SALLIE KIM
United States Magistrate Judge